MUÑIZ, DEMANDANTE Y APELANTE, *v.* CORTÉS, DEMANDADO Y APELADO.

No. 3072.—*Visto:* Diciembre 13, 1923. *Resuelto:* Mayo 31, 1924.

DEMANDA SUSTITUÍDA—ADMISIONES.—Los hechos alegados en una demanda sustituída que además no estaba jurada, no puede considerarse, generalmente, admisiones. Tales alegaciones son más bien el trabajo del abogado.

DECLARACIONES PARA BENEFICIO PROPIO (*Self-Serving Evidence*)—EXCEPCIONES.—No son admisibles en evidencia declaraciones sobre manifestaciones que hiciera el demandado a unos testigos más bien después que durante el trámite actual de las negociaciones, cuando no se demuestra que tales manifestaciones caen dentro de una de las excepciones que señala la ley.

INCUMPLIMIENTO DE CONTRATO—EVIDENCIA ADMISIBLE.—En este caso sobre incumplimiento de contrato en el cual se alegaba que el demandado había convenido con el demandante en comprar de acuerdo con un inventario que se pasaría, las existencias de un establecimiento perteneciente al demandante, las que habían de ser entregadas a una tercera persona, *se resolvió:* que él

citado inventario era admisible en evidencia y que la veracidad de los testigos acreditándolo se deja para la resolución del caso.

ID.—DAÑOS Y PERJUICIOS.—El tratar de reclamar daños y perjuicios por dejarse de obtener· el precio de venta y la especulación sobre posibles ganancias era demasiado remoto.

No. 3072.—*Resuelto en reconsideración:* Agosto 1, 1924.

ABOGADO Y CLIENTE—TESTIGO HÁBIL.—Cuando éxiste controversia sobre una alegación y el cliente niega que la misma fué preparada de acuerdo con la instrucción que se dió, el abogado que la preparó tiene derecho a declarar al pedirlo la parte contraria.

SENTENCIA de *Enrique Lloreda,* J. (Arecibo), en una acción sobre incumplimiento de contrato y daños y perjuicios, declarándola sin lugar. *Revocada y devuelto el caso para un nuevo juicio.*

*J. B. Soto,* abogado del apelante; *S. Santoni,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La demanda enmendada en este caso alegaba que el demandado había convenido con el demandante en comprar, de acuerdo con un inventario que se pasaría, las existencias de un establecimiento perteneciente al demandante, las que habían de ser entregadas a una tercera persona. El pago había de efectuarse mediante un pagaré con interés al 10 por ciento. La entrega se hizo a dicha tercera persona. De todos estos alegados hechos y más aun el demandante ofreció prueba. El incumplimiento del convenio fué alegado y a la vez se ofreció prueba del referido incumplimiento.

El demandado negó en términos categóricos la prueba del contrato objeto del pleito y presentó prueba tendente a demostrar que él convino en ser fiador de una parte del precio de venta con tal que la suegra de la tercera persona también fuera fiadora y se dijo que ella se negó. La corte declaró que existía un conflicto de prueba y lo resolvió en favor del demandado, especialmente en vista de las admisiones contenidas en la demanda original.

La demanda original no estaba jurada y el apelante alega que fué preparada de modo contrario a sus instrucciones. En el juicio se permitió al primitivo abogado del deman-

dante, no obstante la objeción formulada, declarar que la demanda estaba preparada de conformidad con las instrucciones.

La admisión de esta declaración parece constituir un error pero no ha sido materia de un señalamiento de error. Por lo general la comunicación del cliente es privilegiada y el cliente debe renunciar al privilegio.

Los hechos de una demanda abandonada y sin jurar no han de considerarse como una admisión. Sobre esto el apelante insiste al discutir el alegado error de la corte al dictar sentencia a favor del demandado. Tal alegación se considera que es trabajo del abogado y sólo debe considerarse como admisión bajo ciertas circunstancias especiales que aquí no aparecen.

El apelante llama la atención hacia el hecho de que la incongruencia entre las dos demandas no era grande. En la demanda original se pretendía hacer cumplir una fianza. La demanda enmendada demostraba que el convenio era el otorgamiento de un pagaré. Una mala inteligencia de la naturaleza exacta de la obligación del demandado con facilidad podía surgir, especialmente cuando las existencias del establecimiento habían de entregarse a un tercero.

Se alega un error específico en relación con la prueba de dos testigos que declararon sobre manifestaciones que les hizo el demandado, más bien después que durante el trámite actual de las negociaciones. En uno u otro caso el apelado no nos ha citado nada que lleve estas manifestaciones fuera de la regla sobre declaraciones de referencia por ser manifestaciones para beneficio propio (*self-serving declarations*). Este no era el caso donde para refutar la idea de invención de hechos (*fabrication*) los testigos declararon sobre manifestaciones hechas antes de existir cualquier motivo de invención de hechos que a veces justifica la admisión; ni fué la prueba presentada para contrarrestar la oposición a la declaración del demandado como testigo. La admisión de esta declaración constituyó error. *Wigmore on Evidence,*

vol. 2, sec. 1126; *Jones on Evidence,* vol. V. sec. 869, p.
291 y siguientes; *Mason* v. *Vestal,* 88 Cal. 396, 398; *People*
v. *Doyell,* 48 Cal. 85, 90; *Barkly* v. *Copeland,* 74 Cal. 1, y
*Kepp* v. *Silverman,* 25 Mont. 296, 64 P. 884.

La corte también incurrió en error al negarse a admitir
el inventario. Este quedó suficientemente identificado por
testigos del demandante, tuvieran o nó que ser creídos. Era
una parte necesaria del caso del demandante y la corte des-
pués de su admisión pudo todavía haber resuelto el con-
flicto en favor del demandado. Al ser ofrecido dicho inven-
tario como prueba durante la vista del caso del demandante
la corte antes de admitirlo no estaba en la obligación de
apreciar la veracidad de manifestaciones hechas por testi-
gos al identificar el expresado inventario con actos o admi-
siones del demandado. Si hubiera sido éste el único error,
de no dar crédito la corte a los testigos, no habría perjuicio
pues el caso del demandante dependía de la veracidad de
sus testigos.

La corte fundó su decisión principalmente en el conflicto
existente entre las dos demandas. Al apreciar la prueba in-
debidas manifestaciones para beneficio propio fueron consi-
deradas por la corte. Si bien la prueba del demandante era
robusta todavía quedaba por razón de la prueba válida del
demandado un conflicto en la prueba que debe ser resuelto
por la corte inferior.

La resolución de la corte sobre la excepción previa debe
ser declarada con lugar. El tratar de reclamar daños y
perjuicios por dejarse de obtener el precio y la especula-
ción sobre posibles ganancias era demasiado remoto.

Debe revocarse la sentencia apelada y devolverse el caso
para la celebración de un nuevo juicio.

RESOLUCIÓN SOBRE RECONSIDERACIÓN DE AGOSTO 1, 1924

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tri-
bunal.

Esta es una moción en la cual el apelado solicitó de esta

corte la reconsideración o modificación de nuestra opinión y estamos dispuestos a conceder lo segundo.

En el juicio se permitió declarar al primitivo abogado del demandante, a pesar de la objeción formulada, que la demanda fué preparada de conformidad con las instrucciones que se le dieron. Dijimos entonces de paso (obiter) que "La admisión de esta declaración parece constituir un error, pero no ha sido materia de un señalamiento de error. Por lo general la comunicación del cliente es privilegiada y el cliente debe renunciar al privilegio."

Somos ahora más bien de opinión después de examinar las autoridades, a saber, *Cormier v. Richard,* 7 Mart. N. S. (La.) 177, y *San Antonio etc. R. Co. v. Brooking,* 51 S. W. 537; 40 Cyc. 2376, que cuando existe controversia sobre una alegación y el cliente niega que la misma fué preparada de acuerdo con la instrucción que se dió el abogado que la preparó tiene derecho a declarar al pedirlo la parte contraria. Este punto en particular, según hemos visto, no fué alegado como error y las partes están ahora en libertad para poder presentar la cuestión en la forma que crean conveniente.

No vemos tan claramente como alega el apelado, que una demanda no jurada y abandonada pueda ser considerada como una admisión. Sin embargo, toda vez que la razón principal para la revocación fué la indebida admisión de prueba testifical tendente a corroborar al demandado, al devolverse el caso a la corte inferior dejaremos a la corte y a las partes en libertad para promover la cuestión de nuevo sobre el efecto de tal alegación abandonada.

La opinión original *sera considerada como modificada de conformidad con esta opinión,* debiendo remitirse copia de la presente opinión para ser tomada en consideración y en relación con la susodicha opinión original.

*No ha lugar a dejar sin efecto la sentencia pero se modifica la opinión.*