JUAN SUÁREZ PÉREZ, demandante y apelante, *v.* JOSÉ SUÁREZ GARCÍA, demandado y apelado.

No. 6604.—*Sometido:* Abril 30, 1934. *Resuelto:* Junio 28, 1934.

*H. Torres Solá,* abogado del apelante; *R. Rodríguez Alberty,* abogado del apelado.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

La parte apelada solicitó la desestimación de este recurso por frívolo. Se opuso el apelante. Ambas partes radicaron luego sus alegatos. Para cerciorarnos de si tenía o no razón el apelado tuvimos que penetrar en los méritos del caso y como hemos llegado a la conclusión de que la tiene, así lo decidiremos resolviendo en definitiva el recurso.

En la demanda se alega que en junio 1, 1922, el demandado arrendó al demandante por término de cinco años prorrogable por cinco más y canon de ochenta dólares mensuales, una casa terrera con su solar de dos mil cuatrocientos sesenta y seis varas cuadradas, conteniendo la escritura otorgada al efecto una cláusula que dice:

"OCTAVA:—Las diferencias que puedan surgir entre ambas partes contratantes con motivo de la interpretación y cumplimiento de este contrato, serán sometidas a la decisión de árbitros o de amigables componedores, uno por cada parte, y en caso de discordia, un tercero que los dos insacularán de seis nombres, tres por cada parte, y el que salga a la suerte decidirá, obligándose ambas partes contratantes a estar y pasar por la decisión que rindieren dichos árbitros o amigables componedores siendo y teniendo el fallo que rindieren el mismo alcance de una sentencia definitiva e inapelable."

Se alega además en la demanda que el arrendatario no se obligó a hacer las reparaciones a fin de conservar la finca arrendada en condiciones para servir para el uso a que había sido destinada, permaneciendo dicha obligación en el arrendador; que medido el solar resultó que le faltaban doscientos metros cuadrados, y el demandante requirió al demandado para que concurriera a una mensura debiendo convenir en una rebaja del canon en proporción al déficit, negándose el demandado, que se negó también a someter a árbitros la diferencia surgida, y habiendo el demandante sufrido perjuicios por tal motivo que calcula en $840; que el propósito que tuvo el demandante al arrendar la finca fué dedicarla a la construcción de garages de alquiler y que debido al déficit en la cabida se vió privado de construir diez garages que le hubieran rentado sesenta dólares mensuales, habiendo sufrido perjuicios por tal motivo que ascienden a $7,200; que el demandado inició contra el demandante un pleito de desahucio que se resolvió en la corte municipal en contra del aquí demandante, pero que apelado a la de distrito se falló en junio de 1926 en contra del aquí demandado por estimar dicha corte que la cuestión debió someterse a la resolución de árbitros, y que a consecuencia de dicho pleito el aquí demandante fué perjudicado en su buen crédito sufriendo perjuicios por valor de $10,000; que el demandado dejó de pintar una parte de la casa arrendada, dilatándose con tal motivo la entrega de dicha parte a un subarrendatario y sufriendo el demandante en su consecuencia perjuicios por valor de $20, y, por último, que el demandante ha requerido varias veces al demandado

para que todas esas diferencias se sometieran a árbitros, sin que el demandado se aviniera a ello.

Como consecuencia de lo alegado se pide una sentencia que ordene, 1, que el demandado dé cumplimiento a la cláusula octava del contrato sometiendo las diferencias apunta das a árbitros para que éstos las resuelvan fijando los daños y perjuicios en la forma expresada en la demanda; 2, que el demandado someta las cuestiones en término de diez días apercibido de que si así no lo hiciere la corte designará los árbitros o podrá a su discreción entrar a determinar el importe de los daños, condenando al demandado a pagar al demandante los $18,060 que se reclaman o la parte de ellos que se probare; 3, que se condene al demandado al pago de las costas, desembolsos y honorarios de abogado, y 4, que se conceda al demandante cualquier otro remedio compatible con los hechos alegados.

Solicitó el demandado la eliminación de varios particulares de la demanda y todo lo alegado en relación con los $10,000 de daños que se decían sufridos en su buen crédito por el demandante a consecuencia del pleito de desahucio, ya que la acción por persecución maliciosa como consecuencia del ejercicio de una acción civil no existe en Puerto Rico de acuerdo con lo resuelto por esta Corte Suprema en el caso de *López de Tord & Zayas Pizarro v. Molina*, 38 D.P.R. 823.

Accedió la corte, radicándose una demanda enmendada eliminando la indicada reclamación de diez mil dólares.

Otra moción eliminatoria se presentó por el demandado que solicitó además un pliego de particulares. No consta cómo se resolvió la primera. La segunda se declaró con lugar. Sobre el déficit en la cabida se especificó que se advirtió por el demandante poco después de junio de 1922, que se creyó que el terreno que faltaba lo tenía el municipio al que se le reclamó con intervención del demandado, y que el demandante en 13 de agosto de 1926 requirió al demandado para la mensura a lo que contestó éste que ya él y el demandante lo habían medido.

En julio 3, 1933, formuló el demandado las siguientes ex-cepciones previas:

"1.—Que la demanda es ambigua, ininteligible o dudosa.

"Porque se han consignado en la demanda dos supuestas causas de acción, una por la que se reclaman daños y perjuicios por no haber el demandado entregado la cabida total de un solar, y otra mandado pintado una parte de la casa, y las referidas causas de ac-de supuestos daños sufridos por el demandante por no haber el de-ción no han sido alegadas separadamente.

"2.—Que la demanda no aduce hechos suficientes para determinar una causa de acción, especialmente porque los hechos expuestos en las alegaciones 6 y 7 establecen una supuesta causa de acción que está prescrita, de acuerdo con lo que determinan los artículos 1456 del Código Civil (Ed. 1911) en armonía con el artículo 1375, y 1386 y 1869, inciso (2) del mismo cuerpo legal."

Y la corte, en diciembre 1, 1933, las resolvió como sigue:

"En efecto, la demanda enmendada contiene dos causas de ac-ción, una en la que reclama daños y perjuicios por cierto defecto de cabida en el inmueble arrendado, y otra en que reclama también daños y perjuicios por haber dejado el demandado, que es el arrendador, de pintar cierta parte del inmueble arrendado en violación, según el demandante, que es el arrendatario, de las obligaciones que se im-puso el arrendador por el contrato de arrendamiento. Estas dos cau-sas de acción no han sido establecidas separadamente, y siendo ello así, la demanda es ambigua, ininteligible y dudosa, de acuerdo con el artículo 104 del Código de Enjuiciamiento Civil, según ha sido enmendado.

"Los daños que se reclaman en la demanda por defecto de cabida en la finca arrendada, no son recobrables, pues son remotos y es-peculativos. Se alega que el solar del inmueble arrendado ha sido medido y que tiene un defecto de cabida de 200 metros cuadrados. Que en estos 200 metros el demandante pudo haber construído ciertos garages que le hubiesen rentado determinada cantidad, se computa entonces la renta anual que hubieran producido tales garages, y se multiplica por el número de años que el arrendatario viene en po-sesión del inmueble arrendado. No tenemos duda alguna de que tales daños son especulativos, y siendo especulativos no son recobra-bles, y si no son recobrables, la demanda que se instituya para reco-brarlos no aduce hechos constitutivos de causa de acción. La otra causa de acción que se ejercita es en cobro de la cantidad de $20.00

que se dice son los daños sufridos por el demandante por haberse negado el demandado a pintar cierta parte del inmueble arrendado. Suponiendo que el demandado estuviera obligado por el contrato a hacer el trabajo que se alega dejó de hacer, su cuantía es inferior de $500.00 y por consiguiente esta Corte no tendría jurisdicción.

"El objeto principal de la demanda no es que esta Corte condene al demandado a pagar al demandante los daños alegados, sino que se le obligue a someterse a árbitros para que éstos determinen la cuestión. Si la demanda no aduce hechos constitutivos de causa de acción, como creemos haber demostrado, entonces nada hay que someter a los árbitros, máxime cuando la facultad de los árbitros solamente se limitaría a la interpretación del contrato, y en ningún caso tendrían ellos facultades para determinar los daños y condenar a la parte culpable a pagarlos.

" 'El pacto de someter a juicio de amigables componedores establecido en una escritura de arrendamiento de mina alcanza únicamente a las dudas o diferencias que surjan en la interpretación del mismo acerca del cumplimiento de lo en él convenido y es inaplicable a la reclamación en que se pide el abono de cantidades por la explotación de una parte de terreno no arrendado.' Sentencia del Tribunal Supremo de España, de 16 de junio de 1922, 156 Jurisprudencia Civil, pág. 561. 10 Repertorio Jurisprudencia, pág. 210.

"'Por las razones expuestas, se declaran con lugar las excepciones previas interpuestas por la parte demandada, y no siendo susceptible de enmienda la demanda, la Corte procederá a dictar la sentencia correspondiente."

Dictada y registrada la sentencia, fué contra ella que interpuso el demandante la presente apelación, señalando en su alegato la comisión de cinco errores.

Sostiene por el primero que la corte erró al ordenar la eliminación de los hechos relativos al pleito de desahucio.

Aunque no de modo expreso, parece admitir que dichos hechos no hubieran sido suficientes para reclamar daños y perjuicios por persecución maliciosa, pero alega que eran necesarios para integrar la reclamación general de daños y perjuicios que la demanda contiene y el sometimiento de las diferencias a árbitros. Presenta una demanda tal como a su juicio podría quedar redactada conservando en ella el hecho escueto de la existencia del pleito y de cómo fué resuelto por

la corte de distrito, eliminando la reclamación de daños. Se adelanta así a la discusión del cuarto error por el que sostiene que debió por lo menos concedérsele permiso para enmendar su demanda, reduciéndola simplemente a una petición de condenar al demandado a someter las diferencias surgidas al juicio de árbitros, con la imposición de costas y la adopción de cualquiera otra medida por parte de la corte que estuviera justificada por los hechos alegados.

Los errores segundo y tercero se refieren a los cometidos a juicio del apelante por la corte al declarar con lugar las excepciones. Como puede verse deben tomarse en consideración conjuntamente con los señalamientos primero y cuarto.

Admitiendo que el tercero se cometiera, esto es, que la demanda no contuviera dos causas de acción sino una, creemos que examinada ésta desde todos los ángulos habrá siempre que concluir que no aduce hechos suficientes para determinar una justa causa de acción y por tanto que actuó derechamente la corte de distrito al desestimarla y resolver el pleito en definitiva.

Si de los hechos alegados no surge derecho alguno en favor del demandante, nada existe que justifique su súplica a la corte para que dicte sentencia sometiendo dichos hechos a un juicio arbitral. Esto aparte de que juzgada estrictamente la petición del demandante de acuerdo con la cláusula contractual que invoca y a la luz de la jurisprudencia citada por el juez sentenciador, podría declararse de plano la demanda sin lugar.

Pero analizando los hechos alegados separadamente para ver si surge de ellos algo que someter a juicio arbitral, encontramos en primer término que la reclamación en cuanto a la cabida no procede y si procediera la acción habría prescrito.

El artículo 1443 del Código Civil, Ed. 1930, dispone que son aplicables al contrato de arrendamiento las disposiciones sobre saneamiento contenidas en el título de la compraventa.

Y el 1360 del propio Código, Ed. 1930, prescribe que en la venta de un inmueble hecha por precio alzado y no a razón de un tanto por unidad de medida o número, no tendrá lugar el aumento o disminución del mismo aunque resulte mayor o menor la cabida o número de los expresados en el contrato.

Y aquí el arrendamiento se hizo por precio alzado y no a tanto por unidad. Se arrendó una casa con su solar por ochenta dólares mensuales y la casa y el solar fueron entregados de acuerdo con los linderos fijados en la escritura.

Si ningún derecho tenía el demandante a reclamar por la falta de los doscientos metros cuadrados, caen por su base los daños y perjuicios que se alegan sufridos por el no uso de dichos doscientos metros, aun en el caso de que los daños pudieran reclamarse, que no pueden porque, como sostuvo la corte sentenciadora, daños y perjuicios que se alega que se sufrieron por los posibles beneficios que se hubieran derivado de ciertos garages que se pensaba construir en esos doscientos metros, no son reclamables por remotos y especulativos. *Muñiz* v. *Cortés,* 33 D.P.R. 284; *Delgado et al.* v. *Trujillo & Mercado,* 24 D.P.R. 484

En cuanto al pleito de desahucio, los daños y perjuicios que se alegaron sufridos no procedían. En *López de Tord & Zayas Pizarro* v. *Molina,* 38 D.P.R. 823, esta corte resolvió, copiando del resumen, que: "En Puerto Rico, la legislación vigente no autoriza la acción civil por persecución maliciosa como consecuencia de un pleito o procedimiento civil."

Y en cuanto a la invocación de la existencia del pleito simplemente como hecho determinante de la causa de acción para decretar que las controversias surgidas se sometan a la decisión de árbitros, no hay mérito alguno porque el desahucio fué finalmente declarado sin lugar basándose la corte de distrito sin razón quizá precisamente en que la cuestión debió someterse a árbitros y no llevarse a los tribunales. Ganó el aquí demandante. Perdió el aquí demandado. Y el aquí demandante continuó disfrutando de la finca como arrendatario.

¿A qué más podía aspirar? Al no llevar luego a la decisión de árbitros el asunto que le había resuelto favorablemente en sus méritos la corte municipal y que no consideró en sus méritos la corte de distrito, el aquí demandado cedió por entero el campo a su adversario el aquí demandante. No tiene éste, pues, de qué quejarse.

 Resta sólo la reclamación de los veinte dólares por falta de pintura, que por sí sola no era suficiente a nuestro juicio para que la corte de distrito actuara y que no está sostenida además por los hechos alegados, ya que de ellos no se desprende con la certeza debida la necesidad de la reparación, aunque se concluyera que era al arrendador demandado al que le correspondía hacerla y que estaba comprendida dentro del concepto general de reparaciones.

El quinto y último de los errores señalados se refiere a la imposición de las costas. Basta lo anteriormente expuesto para concluir que la corte de distrito estuvo justificada al imponer su pago al demandante que sin causa justificada obligó al demandado a incurrir en ellas para defenderse en el pleito.

*Debe desestimarse, por frívolo, el recurso.*