COMMONWEALTH LOAN CORP., demandante y recurrida, *v.* ÁNGEL GARCÍA MONTAÑEZ y AUGUSTO MARÍN MARTÍNEZ, demandados y recurrentes.

*Número:* CE-66-43     *Resuelto:* 16 de diciembre de 1968

*Peñagarícano & Lloveras,* abogados de los recurrentes; *Américo B. Badillo,* abogado de la recurrida.

Sala Segunda integrada por el Juez Asociado Señor Hernández Matos como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Rigau y Dávila.

PER CURIAM: Carlos Martínez Romeu, casado con una tía del peticionario Ángel García Montañez, obtuvo fraudulentamente un préstamo de $391.13 de la Commonwealth Loan Corporation haciéndose pasar por el peticionario, falsificando su firma, dando sus referencias de crédito y demás información pertinente. La Commonwealth Loan investigó dichas referencias y hallándolas satisfactorias prestó la referida suma. El prestatario abonó un plazo pero al no hacer los pagos subsiguientes y al vencerse la deuda la Commonwealth Loan demandó en cobro de dinero a Ángel García Montañez, quien aparecía como suscribiente del pagaré.

En contestación a la demanda el peticionario negó adeudar suma alguna a la demandante y por vía de reconvención solicitó $5,000.00 en concepto de daños por los sufrimientos causádosle por la demanda y por las gestiones de pago que hizo la demandante.

Luego de la correspondiente vista el Tribunal de Distrito declaró sin lugar la demanda y con lugar la reconvención condenando a la demandante a pagar al peticionario $2,000.00, las costas y $300.00 de honorarios de abogado.

De la anterior sentencia apeló la Commonwealth Loan Corporation para ante el Tribunal Superior.

Dicho Tribunal confirmó la sentencia del Tribunal de Distrito en cuanto declaró sin lugar la demanda en cobro de dinero y revocó la parte en que declaró con lugar la reconvención. Para revisar esa decisión el peticionario solicitó, y este Tribunal mediante una de sus Salas expidió auto de *certiorari*.

■ Un examen completo de los autos nos lleva a concluir que debe confirmarse la sentencia del Tribunal Superior. En primer lugar, la regla general en nuestra jurisdicción es que no existe *per se* la acción civil de daños como consecuencia de un pleito civil. *Berríos* v. *International Gen. Electric*, 88 D.P.R. 109, 116 (1963); *Pereira* v. *Hernández*, 83 D.P.R. 160, 164 (1961); *Suárez* v. *Suárez*, 47 D.P.R. 97, 104 (1934); *López de Tord & Zayas* v. *Molina*, 38 D.P.R. 823, 838 (1928). En segundo lugar, los hechos de este caso no permiten concluir que la demanda en cobro de dinero de la Commonwealth Loan constituyese persecución maliciosa y sin que existiese causa probable, *Fonseca* v. *Oyola*, 77 D.P.R. 525, 528 (1954). Tampoco puede decirse que se causaron daños sustanciales, *Díaz* v. *Distribuidores RCA Victor*, 47 D.P.R. 562, 564 (1934). No es éste un caso que admite que nos apartemos de la regla general antes enunciada.

*Se confirmará la sentencia del Tribunal Superior en este caso y se anulará el auto expedido.*

El Juez Asociado Santana Becerra concurre con el resultado.