TEXTO COMPLETO DE LA SENTENCIA
El apelante Sr. Francisco Jiménez Rosado (Sr. Jiménez Rosado), nos solicita que revoquemos la sentencia dictada por el Tribunal de Primera Instancia, Sala de San Juan, el 27 de mayo de 1998 que declaró con lugar una Moción de Sentencia Sumaria presentada por el Banco Santander (Banco) y en consecuencia desestimó la reconvención presentada por el apelante. A continuación reseñamos los hechos pertinentes, no controvertidos del caso que nos ocupa.
I
El Sr. Jiménez Rosado obtuvo una tarjeta de crédito VISA con el Banco Santander (Banco) para el año 1988. El 10 de octubre de 1993 el Banco le remitió al Sr. Jiménez Rosado un estado de cuenta relacionado con la tarjeta VISA, que refleja un balance pendiente de pago de $437.72. El pago mínimo requerido era por la cantidad de $80.00.
El 9 de noviembre de 1993, el Banco le remitió otro estado de cuenta al Sr. Jiménez. Para esa fecha el balance en la tarjeta de crédito era la cantidad de $443.98 y se le advertía en dicho estado de cuenta que la misma reflejaba dos (2) meses en atrasos.
El 9 de diciembre de 1993 el Banco le remitió un tercer estado de cuenta al Sr. Jiménez Rosado. En el mismo se reflejaba un balance de $450.24 y atrasos por la cantidad de $120.00. Dicho estado indicaba que no se habían contestado los avisos relacionados con los pagos atrasados.
El 10 de enero de -1994 el Banco le remitió otro estado de cuenta. El balance para esa fecha era la cantidad de $456.50. Se le advertía al Sr. Jimenez Rosado que la cuenta se encontraba seriamente atrasada. El Banco remitió para los meses de febrero, marzo, abril, mayo y junio del año 1994 los estados de cuenta correspondientes a cada mes. Todos esos estados reflejaban atrasos. Para el mes de junio de 1994 la cuenta del Sr. Jiménez Rosado fue cargada a pérdidas y referida a la División de Cobros del referido Banco.
El 28 de septiembre de 1994, tres (3) meses después de haber sido cargada a pérdidas y referida a la División de Cobros del Banco, el Sr. Jiménez Rosado efectuó el pago total de la taijeta de crédito. El 7 de julio de 1995 el Banco presentó una demanda en cobro de dinero contra el Sr. Jiménez por la *969 cantidad de $456.50. Posteriormente desistió de la misma allá para el 26 de octubre de 1995.
El Sr. Jiménez Rosado presentó una reconvención reclamando compensación por daños sufridos al haber sido demandado y por habérsele afectado su crédito. El 29 de enero de 1998 el Banco presentó una moción de sentencia sumaria alegando que en Puerto Rico no es favorecida por el ordenamiento jurídico las acciones por persecución maliciosa y abuso indebido o injustificado de los procedimientos legales. El Banco también alegó en su moción que el crédito del Sr. Jiménez Rosado se afectó por las acciones de éste y no por actuación alguna del Banco.
El Tribunal de Primera Instancia declaró con lugar la moción de sentencia sumaria presentada por el Banco y desestimó en todos sus extremos la reconvención presentada por el Sr. Jiménez Rosado.
n
En múltiples ocasiones el Tribunal Supremo ha reiterado la doctrina de que en nuestra jurisdicción no existe per se la acción civil de daños y perjuicios como consecuencia de un pleito civil. Commonwealth Loan Corp. v. García, 96 D.P.R. 773; Berrios v. International Gen. Electric, 88 D.P.R. 109; Pereira v. Hernández, 83 D.P.R. 160; Suárez v. Suárez, 47 D.P.R. 97; López de Tord & Zayas v. Molina, 38 D.P.R. 823.
No obstante, en circunstancias excepcionales se ha reconocido la procedencia de una acción en daños y peijuicios por persecución maliciosa cuando los hechos del caso revelan acontecimientos extremos en que se acosa al demandante con pleitos injustificados e instituidos maliciosamente. En Fonseca v. Loyola, 77 D.P.R. 525, se resolvió que para establecer un pleito válido de esta naturaleza deben concurrir los siguientes requisitos:

"1. Que una acción civil fue iniciada, o un proceso criminal instituido, por el demandado o a instancia de éste.

2. Que la acción, o la causa, terminó de modo favorable para el demandante.

3. Que la causa de acción fue seguida maliciosamente y sin que existiera causa probable.

4. Que el demandante sufrió daños y perjuicios como consecuencia de la malicia del demandado."

Los inconvenientes, molestias y dificultades que una persona pueda experimentar en un reclamo judicial, como en la defensa, de lo que entiende son sus derechos y prerrogativas, de ordinario quedan fuera del alcance de la definición de daños reclamables judicialmente, salvo que pueda demostrarse que se trata de un patrón deliberado de persecución y/o provocación. Méndez de Rodríguez v. Morales Molina, _ D.P.R. _ (1996), 96 J.T.S. 149; Fonseca v. Loyola, supra.
El uso indebido de los procedimientos legales y las angustias que se producen en un trámite judicial sólo pueden traducirse en costas y honorarios de abogado y cuando proceda, intereses legales por temeridad dentro del mismo pleito. Jiménez Alvarez v. Silen Maldonado, _ D.P.R. _ (1992), 92 J.T.S. 95.
El Sr. Jiménez Rosado no ha demostrado que lo actuado por el Banco constituye una circunstancia extrema. Hemos examinado cuidadosamente el expediente del caso que nos ocupa y del mismo surge que, cuando el Banco se percató de su error rápidamente solicitó el desistimiento de la demanda. No encontramos en tal acción un acoso indebido o un abuso de los procedimientos legales. No consideramos esa actuación como una extrema, por lo que no procede apartamos de la doctrina establecida por el Tribunal Supremo, previamente esbozada.
Surge de los hechos que hemos relatado, que el Sr. Jiménez Rosado, no efectuó pago de su taijeta de crédito por espacio de once (11) meses consecutivos. Desde octubre de 1993, se le requirió el pago de la tarjeta y el apelante nunca efectuó el mismo por lo que para el mes de junio de 1994, la cuenta referida, fue cargada a pérdidas por el Banco, por no haberse efectuado su pago.
La demanda en cobro de dinero, no fue radicada hasta más de un año después, o sea, el 7 de julio de *970 1995. A todas luces se deduce que el alegado daño al crédito sufrido por el apelante se lo autoinfligió por su propia conducta por haber dejado de pagar su deuda a tiempo. El Sr. Jiménez Rosado no logró probar que las actuaciones que se le imputa al Banco, afectaron su crédito.
Por los fundamentos antes expuestos, se confirma la sentencia apelada.
Así lo acordó y manda el Tribunal y lo certifica la Señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General