Feliciano Acevedo, Juez Ponente
*763 TEXTO COMPLETO DE LA RESOLUCION
El recurrente, Joaquín Pérez Crespo, solicita dejemos sin efecto sentencia sumaria parcial del Tribunal de Primera Instancia, que desestimó causa de acción en contra del co-demandado Ledo. Hilton García Aguirre. El fundamento para desestimar la demanda fue que ésta no aducía hechos suficientes que configuren una causa de acción que justificará la concesión de un remedio.
Plantea el señor Pérez que erró el Tribunal de Primera Instancia en declarar ha lugar moción de sentencia sumaria. En síntesis, alega que el Tribunal de Primera Instancia no debió concluir que no existía controversia de hechos; alega, además, que la sentencia sumaria no procedía como cuestión de derecho.
Analizado el expediente, el alcance de la sentencia apelada, la posición de las partes y el derecho aplicable procede confirmar la sentencia apelada.
Surge del expediente que el señor Pérez, la parte apelada, como contratista, se obligó mediante contrato con el Sr. José A. Jiménez Pellot, et als, a construir una casa de vivienda en una propiedad de este último. En las cláusulas del contrato se estableció que si surgía una controversia en cuanto a la interpretación del mismo o en cuanto a cualquier aspecto de la obra, el foro al cual acudirían sería el Departamento de Asuntos del Consumidor (D.A.C.O.). Cuando la obra de construcción se encontraba en etapa final surgió una controversia y el contratista no continuó realizando labor alguna en la obra. Así las cosas, el señor Jiménez radicó demanda en contra del señor Pérez solicitando, entre otras cosas, que se ordenara a éste desalojar la obra, civil núm. AAC-97-0071. El abogado que contrató el señor Jiménez para su representación lo fue el Ledo. Hilton García Aguirre. El señor Pérez solicitó desestimación de la demanda; como fundamento, alegó la existencia de un contrato que obligaba a las partes a acudir a D.A.C.O., en caso de surgir alguna controversia. Ante estos hechos, el Tribunal de Primera Instancia desestimó la demanda y concluyó que D.A.C.O. era el foro adecuado para ventilar la controversia. El señor Jiménez y su esposa nunca acudieron a D.A.C.O.
Ante esta situación, el señor Pérez instó demanda por daños y perjuicios contra el señor Jiménez, su esposa, la sociedad legal de gananciales compuesta por éstos, el Ledo. Hilton García y el Ing. Daniel Mercado Soto. Alegó, en síntesis, que los esposos Jiménez violaron el contrato existente con él, que ha sido difamado por el Ing. Mercado y que el Ledo. García inicio un procedimiento ante los tribunales viciosamente causando todos estos actos, daños y perjuicios a su persona. Ante esta situación, el Ledo. García presentó moción de sentencia sumaria para la desestimación de la causa de acción en contra de éste y del Ing. Mercado; ésta fue declarada ha lugar. El señor Pérez presentó reconsideración, la cual no fue acogida. Inconforme, presentó el recurso de apelación ante nuestra consideración.
Es pertinente examinar, en primer término la determinación sobre la aplicación de la Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 36.3, que trata de la sentencia sumaria, a los hechos ante nuestra consideración. Dicho precepto procesal civil establece que una sentencia sumaria procede si las alegaciones, deposiciones, contestaciones e interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas demuestran que no hay controversia real sustancial en cuanto a hecho material alguno y que como cuestión de derecho procede dictar sentencia sumaria a favor de cualesquiera de Jas partes 32 L.P.R.A. Ap. III, R. 36.3. Su objetivo principal es la terminación de una controversia sin la necesidad de que se celebre juicio.
*764 La parte que solicita que se dicte sentencia sumaria debe demostrar fiiera de todo duda, la inexistencia de una controversia real sobre todo hecho pertinente y que a la luz del derecho sustantivo aplicable debe dictarse una sentencia a su favor. Mercado Vega v. U.P.R., 128 D.P.R. 273, 281 (1991). Todas las inferencias que surjan de los hechos expuestos en los documentos en autos deben hacerse desde el punto de vista más favorable a la parte que se opone a la moción. Toda duda sobre si hay hechos relevantes en controversia debe resolverse contra la parte que solicita la sentencia sumaria. Casto Soto v. Hotel Caribe Hilton, 94 J.T.S. 128, pág. 311. Tanto la Regla 36.3 así como nuestro ordenamiento jurídico ha reconocido el ejercicio de la discreción judicial al evaluar los hechos, los documentos y derecho para decidir si emite o no la sentencia sumaria. Audiovisual Language, supra.
Aunque dicho mecanismo va dirigido a promover la adjudicación rápida y económica de las controversias, el objetivo fundamental sigue siendo obtener una solución justa. Sólo debe concederse cuando se haya establecido claramente el derecho del que la solicita y demostrado que la otra parte no tiene posibilidad de prevalecer bajo ninguna situación que surja de las alegaciones no refutadas por los documentos presentados con la moción. J.A.D.M. v. Centro Comercial Plaza Carolina, 132 D.P.R. 785 (1993); Consejo de Titulares v. M.G.I.C., 128 D.P.R. 538, 548 (1991). Sólo debe dictarse en casos claros donde el tribunal tenga ante sí la verdad sobre todos los hechos pertinentes y determine que no es necesaria una vista evidenciaría. Audiovisual Language v. Sistema Estacionamiento Natal Hermanos, 97 J.T.S. 147, pág. 400.
Por otro lado, la situación de hechos ante nuestra consideración hace necesario la discusión de los elementos necesarios para la determinación de responsabilidad por culpa o negligencia reconocida en el artículo 1802 del Código Civil, 31 L.P.R.A. Sec. 5141. En nuestra jurisdicción, la responsabilidad derivada de actos u omisiones culposos o negligentes está delimitada por la concurrencia de tres requisitos; la realidad del daño sufrido; el nexo causal entre el daño y la acción u omisión; y que el acto u omisión sea culposo o negligente. Toro Aponte v. E.L.A., _ D.P.R. _ (1997), 97 J.T.S. 18, pág. 627. Los elementos a ser considerados en la determinación de si la omisión genera responsabilidad son: a) la existencia o inexistencia de un deber jurídico de actuar por parte del alegado causante del daño; y b) si haber realizado el acto omitido, el daño hubiera sido evitado, Sociedad v. González Padín, 117 D.P.R. 94, 106 (1986); Tormos Arroyo v. Departamento de Instrucción Pública, _ D.P.R. _ (1996), 96 J.T.S. 34, pág. 806. Hay que señalar que cuando una reclamación se basa en una omisión negligente, se exige el deber jurídico de previsibilidad; esto es, que todo ser humano tiene que prever las consecuencias razonables de sus actos y tomar medidas para evitar daño; es decir, es la posibilidad de anticipar los resultados dañosos de una acción y ello requiere, en consecuencia, adoptar medidas de seguridad necesarias para evitar el daño. Tormos v. Departamento, supra. Es principio subyacente al anterior que se cumple con el deber de previsibilidad cuando se actúa como un hombre prudente y razonable; éste es aquél que actúa de acuerdo con las normas aceptadas de convivencia social para evitar hacer daño a otro; que prevé las consecuencias de un acto o de la omisión de un acto cuando es razonable esperar que lo prevea. Ocasio v. Eastern, 125 D.P.R. 410, 418 (1990).
En todo caso de daños y perjuicios hay que probar negligencia; el demandante no tiene que probar su caso más allá de duda razonable ni con exactitud matemática, sino sólo por preponderancia de la prueba; no exige excluir toda posible causa de sus daños que no sea la negligencia del demandado, sino establecer que ésta fue la que con mayores probabilidades causó los daños. Berríos v. U.P.R., 116 D.P.R. 88, 100-101 (1985).
De otra parte, el señor Pérez parece alegar que la demanda en el caso AAC-97-0070 fue instada maliciosamente, lo que hace necesario la discusión sobre si se configuró una causa de acción por persecución maliciosa.
Los requisitos para que se configure una causa de acción por persecución maliciosa en el ámbito civil son, *765 que una acción civil fue iniciada, que la acción o causa terminó de forma favorable para el demandante, que fiie seguida maliciosamente y sin que existiera causa probable y que el demandante sufrió daños y perjuicios. Commonwealth Loan Corp. v. García Montañez, 96 D.P.R. 773, 774 (1968); Fonseca v. Oyola, 77 D.P.R. 525, 528 (1954). Con respecto a esta causa de acción, hay que señalar que en Puerto Rico no existe per se la acción civil de daños y perjuicios como consecuencia de un pleito civil. Méndez Rodríguez v. Morales, 96 J.T.S. 149, pág. 348-349.
Aplicados los anteriores principios a este caso, determinamos que no existen fundamentos por los que debamos revocar la sentencia apelada. En primer lugar, no hay controversia en cuanto a los hechos. El Ledo, representó legalmente a los co-demandados José A. Jiménez Pellot, su esposa y la sociedad legal compuesta por éstos en el caso AAC-97-0071 ante el Tribunal de Primera Instancia. En dicho caso, el señor Pérez solicitó desestimación de la demanda por surgir del contrato firmado entre las partes, que el foro adecuado lo era D.A. C.O.; el tribunal a quo dictó sentencia en el caso de referencia y determinó desviar el caso a D.A.C.O., para agotar procedimiento administrativo y se archivó sin perjuicio. Posteriormente, el señor Pérez presentó demanda; alegó con respecto al Ledo. García que éste es conocedor del derecho administrativo; que obvio varias órdenes del Tribunal en el sentido de que había que recurrir a D.A.C.O., que en vez de agotar remedios administrativos; decidió recurrir al Tribunal de Primera Instancia perjudicando de esa manera los derechos del demandante al exponerlo viciosamente al trámite judicial. Por su parte, el Ledo. García, en su moción solicitando se dictara sentencia sumaria, señaló que no existía orden alguna a la parte sobre que tenía que recurrir y radicar reclamación alguna ante D.A.C.O. Por otro lado, el señor Pérez, en su replica a solicitud de sentencia sumaria, alegó con respecto al caso AAC-97-0071, que se había ordenado desde el principio de éste que había que recurrir a D.A.C.O.; que el no haber recurrido a dicho foro, constituyó una omisión que ocasionó daños. Analizado el expediente de éste, no surge que indique exista controversia de hechos. El examen del expediente sostiene la posición del Ledo. García sobre que no había orden del Tribunal de Primera Instancia sobre la obligatoriedad de recurrir a D.A.C.O.
El señor Pérez alega haber sufrido daños por las actuaciones del Ledo. García. No podemos coincidir con esta posición, por cuanto de los autos no surge prueba de daño alguno. Al examinar el expediente no se desprende de éste que haya prueba de algún acto u omisión cometido el Ledo. García. El hecho de representar a un cliente en un procedimiento judicial, el cual fue desestimado sin peijuicio y desviado para cumplimiento con trámite administrativo, no crea una presunción de acto negligente por parte de quien lo realiza. El señor Pérez no identificó actos o hechos que permitan a este tribunal concluir que el Ledo. García haya cometido un acto u omisión negligente. El no recurrir a un foro, no constituye una omisión que resulte en daños; es una prerrogativa del que pretende resarcir un daño, desistir o renunciar a su causa de acción. Nada obligaba a los esposos Pérez a acudir a D.A.C.O.; dentro del asesoramiento a un cliente en una relación abogado-cliente cabe la posibilidad de estudiar la alternativa de no reclamar un derecho.
Finalmente, con respecto a si se configuró una causa de acción por persecución maliciosa hay, que señalar que no están presentes los requisitos; no surge del expediente prueba sobre que el Ledo. García haya actuado de común acuerdo con los co-demandados para instar acción maliciosa en contra del señor Pérez.
En conclusión, el señor Pérez no estableció la existencia de controversia de hecho que proscriba la utilización del mecanismo de sentencia sumaria. Así como tampoco que el señor Ledo. García haya incurrido en algún acto u omisión por culpa o negligencia, que obligue a una determinación de responsabilidad a tenor con el Art. 1802, supra. Tampoco se configuró una causa de acción por persecución maliciosa.
Por los fundamentos que anteceden, se confirma la sentencia apelada.
*766 Lo acuerda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General