ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| JUSTO MALDONADO MARTÍNEZ<br><br>Parte Apelante<br><br><br>v.<br><br><br>MABELINE SERRANO SANTANA Y OTROS<br><br><br>Parte Apelada | KLAN202400981 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.:<br>FA2023CV00757<br><br><br>Sobre:<br>Daños |
|---|---|---|

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

**Figueroa Cabán, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 19 de diciembre de 2024.

Comparece el señor Justo Maldonado Martínez, en adelante el señor Maldonado o el apelante, quien solicita que revoquemos la *Sentencia* emitida el 29 de agosto de 2024 y notificada el día 30 del mismo mes y año. Mediante la misma, el Tribunal de Primera Instancia, Sala de Fajardo, en adelante TPI, desestimó la *Demanda* presentada por el apelante por no justificar la concesión de un remedio, según dispone la Regla 10.2 de las de Procedimiento Civil.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia* apelada.

-I-

El señor Maldonado presentó una *Demanda* sobre daños y perjuicios por persecución maliciosa contra la señora Mabeline Serrano Santana, en adelante la señora Serrano o la apelada, el Estado Libre Asociado de Puerto Rico, en adelante el Gobierno, y el Negociado de la Policía de

Número Identificador

SEN2024 _____

Puerto Rico, en adelante el NPPR.[1] En síntesis, alegó que la señora Serrano "ha utilizado los procedimientos administrativos para manchar [su] reputación y buen nombre" en el NPPR y en su carácter personal, porque todas las querellas quedan permanentemente registradas en el expediente de personal. Además, adujo que, aunque todas estas querellas "han sido desestimadas por falta de mérito", el NPPR "le da curso… y de esa manera perpetúa y acrecienta el patrón hostigador". Tampoco ha disciplinado a la señora Serrano. Aseguró que como en todas las querellas, la señora Serrano manifestó una declaración falsa al alegar que el apelante había recibido $25,000.00 en marzo de 2022, a cambio de brindar servicios de seguridad en un "boat show". El señor Maldonado destacó, además, que "debido a la conducta difamatoria… ha sido bochornosamente trasladado, desarmado y librado de cualquier gestión administrativa en el cuartel de la policía donde trabajaba". Arguyó que el patrón hostigador provocó que se retirara prematuramente de la fuerza policiaca. Por estas razones, exigió una compensación en daños y perjuicios a la apelada y al Gobierno, y que se eliminen las querellas del Sistema del Registro Criminal Integrado y de la Superintendencia Auxiliar en Responsabilidad Profesional.

Oportunamente, el Departamento de Justicia, en representación de la apelada en su carácter personal, presentó una *Moción de Desestimación*.[2] Razonó que la causa de acción por los hechos que datan de 25 de enero de 2022 al 25 de mayo de 2022 se encuentra prescrita porque la *Demanda* fue presentada el 8 de septiembre de 2023. En

---

[1] Apéndice del apelante, págs. 1-8.
[2] *Id.*, págs. 9-18.

cuanto a la investigación del "boat show", adujo que esta alegación "no establece una causa de acción por persecución maliciosa debido a que el demandante nunca fue procesado penalmente".

Por su parte, el señor Maldonado presentó una *Moción en Oposición a Desestimación*.[3] Insistió que las alegaciones en la *Demanda* denotan un patrón de persecución maliciosa y difamación de parte de la señora Serrano para afectar su reputación. Además, arguyó que su causa de acción, instada el 8 de septiembre de 2023, no está prescrita porque el término prescriptivo comenzó a transcurrir el 15 de marzo de 2023, cuando advino en conocimiento de la última expresión difamatoria.

Con el beneficio de la comparecencia de ambas partes, el TPI desestimó la *Demanda* "debido a que la misma no justifica la concesión de un remedio según dispuesto en la Regla 10.2 de Procedimiento Civil".[4] Específicamente, el foro apelado determinó:

> En el presente caso, el demandante en la Moción en Cumplimiento de Orden del 22 de abril de 2024 establece los hechos de la presente demanda e indica que, y citamos: "[e]l 7 de febrero de 2023, la demandada presentó una querella ante el Negociado de la Policía de Puerto Rico alegando falsamente que el demandante había cobrado $15,000, por un empresario a cambio de seguridad en un evento llamado, "boat show". El demandante advino en conocimiento de la querella el 15 de marzo de 2023 por el Sargento Antonio Feliciano, investigador de la Policía". No obstante, no alega que haya sido acusado, o se haya comenzado un proceso criminal ante el Tribunal. Conforme con lo anterior, no se configura una causa de acción de persecución maliciosa como alega la parte demandante. Por lo que procede la desestimación de dicha alegación. En cuanto a las demás alegaciones de la parte demandante, las mismas datan del 25 de enero de 2022 al 25 de mayo de 2022. Sin embargo, la Demanda fue presentada el 8 de septiembre de 2023, por lo que dichas alegaciones se encuentran prescritas.
>
> . . . . . . . .

---

[3] *Id.*, págs. 19-31.
[4] *Id.*, págs. 32-41.

> El hecho de cooperar en una investigación criminal o de brindar información para que se determine si procede radicar cargos criminales o no, no configura una causa de acción por persecución maliciosa. … El hecho de que el demandante haya notificado su intención de demandar al ELA no interrumpe el término prescriptivo de un año para presentar la demanda en contra de la demandada en carácter personal Mabeline Serrano Santana.[5]

En desacuerdo, el apelante presentó una *Moción en Solicitud de Reconsideración*,[6] en la que planteó la necesidad de una vista evidenciaria para que el tribunal pueda determinar si la última expresión de la apelada no fue difamatoria. Argumentó que el foro sentenciador "despachó la alegación de querella difamatoria del [7 de febrero de 2023]", por entender que la señora Serrano estaba cooperando en una investigación criminal y que la participación de la apelada no cumple con el criterio legal para un caso de persecución maliciosa. Insistió, además, que su causa de acción no está prescrita porque la última difamación se consignó en documento público el 7 de febrero de 2023 y la *Demanda* se presentó el 8 de septiembre de 2023. Finalmente, aclaró que las querellas de 25 de enero de 2022 y 25 de mayo de 2022 solo fueron expuestas para demostrar el patrón difamatorio y que el 15 de marzo de 2023 culminó el último evento de persecución y difamación en su contra, por lo que podía presentar la *Demanda* hasta el 15 de marzo de 2024.

En cambio, la apelada presentó una *Oposición a Moción de Reconsideración,* en la que negó haber alegado que la causa de acción sobre el "boat show" está prescrita. Por el contrario, reafirmó que su contención consiste en que proveer "información no constituye persecución maliciosa, y menos en este caso donde el [apelante] no fue acusado".[7]

---

[5] *Id.*, págs. 36 y 40.
[6] *Id.*, págs. 42-62.
[7] *Id.*, págs. 63-66.

En todo caso, sostuvo que para prevalecer, el señor Maldonado debió demostrar que la señora Serrano "instigó activa y maliciosamente la iniciación del proceso y que no fueron las autoridades quienes a base de su propia evaluación de los hechos decidieron procesar[lo]". Señaló que "[e]n el presente caso no se le radicaron cargos al demandante [aquí apelante] por lo que no se constituyó la causa de acción de persecución maliciosa".

Evaluadas las comparecencias de las partes, el TPI declaró no ha lugar la *Moción en Solicitud de Reconsideración*.[8]

Aun insatisfecho, el señor Maldonado acude al Tribunal de Apelaciones mediante una *Apelación Civil*, en la que alega la comisión del siguiente error:

> ERROR DEL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA EN SU TOTALIDAD AL CONCLUIR INCORRECTAMENTE QUE LA QUERELLA DE FECHA 7 DE FEBRERO DE 2023, ALEGANDO EL INCIDENTE DEL "BOAT SHOW", ALEGANDO QUE EL APELANTE COBRÓ $15,000.00 PARA BRINDAR SEGURIDAD, E IMPUTARLE UN DELITO AL APELANTE, CONSTITUÍA ÚNICAMENTE UNA COOPERACIÓN EN UNA INVESTIGACIÓN CRIMINAL Y NO UNA DIFAMACIÓN, SIN REALIZAR UNA VISTA EVIDENCIARIA NI PERMITIR QUE LAS PARTES REALIZARAN DESCUBRIMIENTO DE PRUEBA SOBRE DICHA ALEGACIÓN DIFAMATORIA DE LA APELADA.

Luego de evaluar los escritos de las partes y los documentos que obran en autos estamos en posición de resolver.

-II-

A.

La desestimación es un pronunciamiento judicial que resuelve el pleito de forma desfavorable para el demandante sin celebrar un juicio en su fondo.[9] Cónsono con dicho propósito, la Regla 10.2 de Procedimiento Civil permite a un demandado presentar una moción antes de

---

[8] *Id.*, pág. 67.

[9] R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, 6ta. Ed., Puerto Rico, *LexisNexis* (2017), sec. 3901, pág. 411; *Casillas Carrasquillo v. ELA*, 209 DPR 240, 247 (2022).

presentar su contestación a la demanda, solicitando que se desestime la misma.[10] Específicamente, la Regla 10.2 reconoce varios supuestos bajo los cuales es posible solicitar una desestimación, a saber:

> … (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) **dejar de exponer una reclamación que justifique la concesión de un remedio**; (6) dejar de acumular una parte indispensable.[11]

"[A]l resolver una solicitud de desestimación fundamentada en que se deja de exponer una reclamación que justifica la concesión de un remedio, los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente".[12] A su vez, los hechos bien alegados, deberán ser considerados de la forma más favorable a la parte demandante.[13] En consecuencia, nuestro ordenamiento procesal civil permite al demandado solicitar la desestimación de la reclamación cuando de las alegaciones de la demanda es evidente que alguna de las defensas afirmativas prosperará.[14]

Finalmente, ante una solicitud de desestimación, el tribunal deberá identificar los elementos que establecen la causa de acción y las meras alegaciones concluyentes que no pueden presumirse como ciertas.[15] Específicamente, deberá evaluar "si a la luz de la situación más favorable

---

[10] Hernández Colón, *op. cit.*, sec. 2601, pág. 305; 32 LPRA Ap. V, R. 10.2; *Casillas Carrasquillo v. ELA*, *supra*.
[11] Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2. (Énfasis suplido).
[12] *Costas Elena v. Magic Sport Culinary Corp.*, 2024 TSPR 13, __ DPR __ (2024).
[13] *López García v. López García*, 200 DPR 50, 69 (2018); *González Méndez v. Acción Social et al.*, 196 DPR 213, 234 (2016); *Rivera Sanfeliz v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015). Véase, además, *Eagle Security Police, Inc. v. Efrón Dorado*, 211 DPR 70, 84 (2023).
[14] *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043 (2020); *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 701 (2012).
[15] Hernández Colón, *op. cit.*, sec. 2604, pág. 307; *Ashcroft v. Iqbal*, 556 US 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 US 544 (2007).

al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida".[16] Así pues, para prevalecer, el demandado deberá probar que el demandante no tiene derecho a remedio alguno, aun interpretando la demanda de la manera más liberal a su favor.[17]

**B.**

La doctrina de persecución maliciosa se configura cuando el demandado presenta una reclamación torticera e intencional y sin causa probable en un proceso civil o criminal contra una persona, que le produce daños a esta.[18] Al ser la malicia un elemento esencial de esta causa de acción, se le califica como una acción en daños y perjuicios causada por conducta torticera intencional bajo el Art. 1536 del Código Civil.[19]

El interés protegido por esta acción es controlar la presentación de litigios frívolos e injustificados.[20] A su vez, es la acción torticera menos favorecida, pues los tribunales sienten renuencia a imponer responsabilidad a quienes acuden a ellos en busca de remedios legales.[21] Sin embargo, resulta ser una buena norma de política pública en la medida en que busca desalentar litigios injustificados y frívolos.[22]

Ahora bien, aun cuando en nuestro ordenamiento no se reconoce la procedencia de una acción en daños y perjuicios

---

[16] *Pressure Vessels PR v. Empire Gas PR*, 137 DPR 497, 505 (1994). Véase, además, *Costas Elena v. Magic Sport Culinary Corp.*, *supra*.
[17] *López García v. López García*, *supra*; *SLG Sierra v. Rodríguez*, 163 DPR 738, 746 (2005). Véase, además, *Cobra Acquisitions, LLC v. Mun. Yabucoa*, 210 DPR 384, 396 (2022).
[18] *García v. ELA*, 163 DPR 800, 810 (2005) (citando a H.M. Brau del Toro, *Los daños y perjuicios extracontractuales en Puerto Rico*, 2da ed., San Juan, Pubs. JTS, 1986, Vol. I, pág. 109). Véase, además, *Toro Rivera v. ELA*, 194 DPR 393, 408 (2015).
[19] Art. 1536 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 10801.
[20] H.M. Brau del Toro, *Los daños y perjuicios extracontractuales en Puerto Rico*, 2da ed., San Juan, Pubs. JTS, 1986, Vol. I, pág. 109.
[21] *Id.*
[22] *Id.*

como consecuencia de un pleito civil, se puede presentar una causa de acción en daños y perjuicios por persecución maliciosa.[23] Esto, cuando los hechos del caso establecen circunstancias extremas en que se acosa al demandante con pleitos -civiles o criminales- injustificados e instituidos maliciosamente.[24]

Para que prospere una causa de acción por persecución maliciosa se debe cumplir con los siguientes requisitos:

> (1) **Que una acción civil fue iniciada, o un proceso criminal instituido, por el demandado a instancias de éste**; (2) que la acción, o la causa, terminó de modo favorable para el demandante; (3) que fue seguida maliciosamente y sin que existiera causa probable; y (4) que el demandante sufrió daños y perjuicios como consecuencia de ello.[25]

Cabe resaltar que, en esta causa de acción, la malicia no se presume.[26] Por el contrario, se establece con bases fácticas y no con alegaciones vagas o meras conclusiones de derecho.[27] Específicamente, el promovente debe alegar y probar la falta de causa probable del demandado al presentar la denuncia o acusación y la malicia en cuanto a los hechos.[28]

### C.

En nuestro ordenamiento jurídico se reconocen, entre otras, las obligaciones extracontractuales, reguladas por el Art. 1536 del Código Civil de 2020, el cual establece que "[l]a persona que por culpa o negligencia causa daño a otra, viene obligada a repararlo".[29]

---

[23] *García v. ELA*, *supra*, pág. 810. Véase, además, *Conde Cruz v. Resto Rodríguez*, 205 DPR 1043, 1075 (2020); *Giménez Álvarez v. Silén Maldonado*, 131 DPR 91 (1992); *Commonwealth Loan Corp. v. García*, 96 DPR 773 (1968); *Berríos v. International Gen. Electric*, 88 DPR 109 (1963); *Pereira v. Hernández*, 83 DPR 160 (1961).
[24] *García v. ELA*, *supra*; *Conde Cruz v. Resto Rodríguez, supra; Giménez Álvarez v. Silén Maldonado*, *supra*, pág. 96.
[25] *Toro Rivera v. ELA*, *supra*, págs.408-409. Véase, además, *Fonseca v. Oyola*, 77 DPR 525, 528 (1954). (Énfasis suplido).
[26] *Toro Rivera v. ELA*, *supra*, pág. 409.
[27] *Id*.
[28] *Id*. Véase, además, *Parés v. Ruiz*, 19 DPR 342 (1913).
[29] Art. 1536 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 10801.

En lo aquí pertinente, en las acciones por daños y perjuicios extracontractuales, el término prescriptivo es de un (1) año **"desde que el agraviado tuvo -o debió tener- conocimiento del daño que sufrió y estuvo en posición de ejercer su causa de acción".[30]** Por consiguiente, **este término se computa a partir de que el perjudicado tuvo -o debió tener- conocimiento del daño y estuvo en posición de ejercitar su acción, esto es, conoció la identidad de su causante.**[31]

El objetivo principal de la prescripción estriba en presentar el reclamo de los derechos en el término establecido en el ordenamiento jurídico; de lo contrario, se extingue ese derecho debido a una presunción legal de abandono.[32]

Finalmente, conviene destacar, que para interrumpir el término prescriptivo en una reclamación judicial se tiene que cumplir los siguientes requisitos, a saber:

> (a) oportunidad o tempestividad, es decir, **que el ejercicio de la acción se realice antes de la consumación del plazo;** (b) legitimación, según la cual el ejercicio corresponde al titular del derecho o acción; (c) identidad, que la acción ejercitada responda exactamente al derecho que está afectado por la prescripción, y (d) idoneidad del medio utilizado.[33]

### -III-

El apelante alega un patrón de presentación de querellas administrativas y penales difamatorias con la única intención de afectar su reputación. Opina que el TPI no debió desestimar la *Demanda* sin antes celebrar una vista evidenciaría, porque "la presentación de querellas

---

[30] *Rivera Ruiz v. Mun. de Ponce*, 196 DPR 410, 416 (2016). (Énfasis suplido).
[31] *Id.*; *Tenorio v. Hospital Dr. Pila*, 159 DPR 777, 782 (2003). (Énfasis suplido).
[32] *Rivera Ruiz v. Mun. de Ponce*, *supra*, pág. 415; *Ortiz v. PR Telephone*, 162 DPR 715, 733 (2004); *Maldonado v. Russe*, 153 DPR 342, 347 (2001).
[33] *SLG García-Villega v. ELA*, 190 DPR 799, 816 (2014); *Maldonado v. Soc. de Gananciales*, 145 DPR 93, 102 (1998). (Énfasis suplido).

repetidas y sin mérito constituye un claro acto de difamación". Arguye que incluyó las querellas del año 2022 para establecer el patrón difamatorio en su contra, y que para establecer que la causa de acción no está prescrita basta constatar que el 7 de febrero de 2023 se consignó en documento público la última expresión difamatoria que dio paso a la *Demanda* instada el 8 de septiembre de 2023.

Por su parte, la apelada aduce que la alegaciones en su contra son expresiones conclusivas "que no imputan actuación indebida alguna…, sino que se limitan a imputarle… la presentación de querellas frívolas, manchar la reputación del apelante, difamación y persecución maliciosa". En síntesis, señala que el señor Maldonado falló en presentar hechos demostrativos de los elementos de la causa de acción, "ya que [las aseveraciones] incumplen con el nivel de plausibilidad que exige nuestro ordenamiento procesal civil". Sostiene, además, que el apelante tampoco demostró "que las alegaciones enmarcadas en… 2022 no estaban prescritas" porque no estableció "que la querella 2022-00082… terminara favorablemente en o después del 8 de septiembre de 2022; es decir, un año antes de la presentación de la demanda". Del mismo modo, insiste en que el señor Maldonado no fue acusado ni se comenzó un procedimiento criminal en su contra.

Por último, argumenta que el Tribunal no está obligado a permitir un descubrimiento de prueba antes de desestimar una demanda, al amparo de la Regla 10.2 de Procedimiento Civil; así como tampoco tiene la obligación de celebrar una vista evidenciaria para que el apelante supla la insuficiencia de sus alegaciones.

No nos cabe duda de que la controversia ante nuestra consideración es adjudicable al amparo de la Regla 10.2 de Procedimiento Civil, *supra*. Veamos.

Como correctamente determinó el foro recurrido, las alegaciones de persecución maliciosa comprendidas entre 25 de enero y el 25 de mayo de 2022 están prescritas. Ello obedece a que la *Demanda* se presentó el 8 de septiembre de 2023, es decir, en exceso del término de prescripción que regula las acciones de daños y perjuicios como la presente.[34]

Finalmente, en cuanto a la reclamación relacionada con la querella de 15 de mayo de 2023, basta mencionar que la misma no configura una causa de acción por persecución maliciosa porque los apelados nunca presentaron acción civil o proceso criminal contra el señor Maldonado, *supra.*

## -IV-

Por los fundamentos previamente expuestos se confirma la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[34] Art. 1204 (a) del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 9496. Ello parece reconocerlo el propio apelante. Véase, Apéndice del apelante, págs. 43 y 47; Alegato del apelante, pág. 17.